J-S51014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WALI SHABAZZ | : | |
| | : | |
| Appellant | : | No. 2425 EDA 2017 |

Appeal from the PCRA Order July 11, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1007111-2002

BEFORE:  DUBOW, J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                 **FILED NOVEMBER 27, 2018**

Appellant, Wali Shabazz, appeals from the July 11, 2017 Order dismissing as untimely his second Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.[1]

We briefly summarize the facts and procedural history as follows.  On June 28, 2004, a jury convicted Appellant of Second-Degree Murder, Burglary, and Carrying Firearms in Public in Philadelphia.[2]  The charges against Appellant arose from a July 27, 2002 incident during which Appellant fatally

---

[1] Appellant has also filed a "Renewal Motion to Stay."  We deny this Motion.

[2] 18 Pa.C.S. §§ 2502(b), 3502, and 6108, respectively.

shot Andre Thompson. Appellant was nearly 24 years old at the time of the crime.[3]

On September 15, 2004, the lower court sentenced Appellant to an aggregate term of life imprisonment.[4] On January 4, 2008, this Court affirmed Appellant's Judgment of Sentence, and on September 3, 2008, the Pennsylvania Supreme Court denied Appellant's Petition for Allowance of Appeal. **See Commonwealth v. Shabazz**, 947 A.2d 832 (Pa. Super. 2008) (unpublished memorandum), *appeal denied*, 956 A.2d 434 (Pa. 2008). Appellant's Judgment of Sentence, thus, became final on December 2, 2008.[5]

Appellant's first PCRA Petition, which he filed in 2009, garnered no relief. On March 23, 2016, Appellant filed a *pro se* "Supplemental" PCRA Petition, which the PCRA court properly treated as a second PCRA Petition. Appellant claimed that, although he was 23 years old at the time of the crimes forwhich he was convicted, he was entitled to relief pursuant to **Montgomery v.**

---

[3] Appellant was born on August 7, 1978.

[4] The court imposed a life sentence for Appellant's Murder conviction and a consecutive term of 18 to 60 months' incarceration for his firearms conviction. Appellant's Burglary conviction merged for sentencing purposes.

[5] **See** 42 Pa.C.S. § 9545(b)(3) ("[A] judgment [of sentence ]becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); U.S. Supreme Court Rule 13.

*Louisiana*, 136 S.Ct. 718 (U.S. 2016), and *Miller v. Alabama*, 567 U.S. 460 (2012).[6]

On April 7, 2017, Appellant filed a second "supplemental" Petition wherein he raised an ineffectiveness of counsel claim. In particular, Appellant averred that his trial counsel was ineffective because he "introduced testimony/evidence to the jury that opened the door" to evidence that damaged Appellant and that his first PCRA counsel was ineffective for failing to review Appellant's trial transcripts and for failing to file an amended Petition. Supplemental Petition, 4/7/17.

On May 17, 2017, the PCRA court issued a Notice of Intent to Dismiss Without a Hearing pursuant to Pa.R.Crim.P. 907. On May 31, 2017, Appellant filed a response to the court's Rule 907 Notice. On July 11, 2017, the PCRA court dismissed the instant Petition. This *pro se* appeal followed.

Appellant raises the following issues on appeal:

1. Is [A]ppellant entitled to relief in the form of resentencing in violation of his 8th and 14th United States Constitutional Amendment rights, Cruel and Unusual Punishment based on the facts that [A]ppellant had an immature brain relied upon from the neuroscience and brain development theory in scientific studies for underdeveloped brains in individuals from 18 to 25 years of age. It is cruel and unusual punishment to sentence an individual to life without parole with an immature brain, and petitioner is similarly situated under the Equal

_____

[6] In *Miller*, the U.S. Supreme Court held that it is unconstitutional for state courts to impose an automatic life sentence without possibility of parole upon a homicide defendant for a murder committed while the defendant was under eighteen years old. *Miller*, 567 U.S. at 470. The U.S. Supreme Court held in *Montgomery* that its decision in *Miller* applies retroactively. *Montgomery*, 136 S.Ct. at 732.

Protection Clause as those who are under the age of 18 with underdeveloped brains?

2. Is [A]ppellant entitled to relief in the form of an evidentiary hearing and/or a new trial where trial and PCRA counsel provided [A]ppellant with ineffective assistance of [c]ounsel in [v]iolation of the United States Constitution Sixth and Fourteenth Amendment for trial counsel's failure to meaningfully [a]mend PCRA Petition, and file [*F*]*inley*[7] letter with this claim [Appellant] is addressing to the said Court is meritorious?

Appellant's Brief at 4.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014).

Before we may consider the merits of Appellant's claim, we must determine whether there is jurisdiction to consider the PCRA petition. "The timeliness of a post-conviction petition is jurisdictional." *Commonwealth v. Furgess*, 149 A.3d 90, 92 (Pa. Super. 2016) (citation omitted). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment became final unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in Section 9545(b)(1) of the PCRA,[8] and the petitioner filed the petition within 60 days of the date the

---

[7] *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[8] **(b) Time for filing petition.--**

- 4 -

exception could first have been presented.[9] ***Id.*** Here, Appellant's Judgment of Sentence became final in 2008, after our Supreme Court denied review and the period to petition the United States Supreme Court subsequently expired. Appellant's current PCRA Petition, filed in March 2016, is patently untimely.

With respect to his ***Miller*** claim, in his Brief to this Court Appellant attempts to invoke the timeliness exception under Section 9545(b)(1)(iii), alleging that his illegal sentence claim is based on a newly recognized constitutional right, which is retroactive in application. ***See*** Appellant's Brief at 10 (citing ***Montgomery***, ***supra***.).

---

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

　(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

　(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

　(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

[9] ***See*** 42 Pa.C.S § 9545(b)(2).

As long as this court has jurisdiction over the matter, a legality of sentence issue is reviewable and cannot be waived. *Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa. Super. 2007). However, a legality of sentencing issue must be raised in a timely filed PCRA Petition over which we have jurisdiction. *See* 42 Pa.C.S. § 9545(b); *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto."); *Commonwealth v. Miller*, 102 A.3d 988, 995-96 (Pa. Super. 2014) (explaining that the decision in *Alleyne* does not invalidate a mandatory minimum sentence when presented in an untimely PCRA Petition). Appellant filed the instant PCRA Petition on March 23, 2016, which was within 60 days of *Montgomery* (decided January 25, 2016). He, thus, satisfied the diligence requirement set forth in Section 9545(b)(2).

Nevertheless, Appellant's *Miller* claim fails because he was nearly 24 years old at the time he committed the instant murder. *Miller* only applies to individuals who were juveniles, *i.e.*, under 18 years old, when they committed the crime on which their current conviction is based. *See Commonwealth v. Lawson*, 90 A.3d 1, 6 (Pa. Super. 2014). Further, this Court has previously refused to render relief on an appellant's brain science argument. *See Commonwealth v. Furgess*, 149 A.3d at 94 (rejecting the 19-year-old appellant's argument based on neuroscientific theories of brain development that he is entitled to PCRA relief because he was a "technical juvenile" at the time he committed his crimes).

In his second issue, Appellant claims the PCRA court erred in finding that his ineffective assistance of trial and PCRA counsel claim lacked merit. He characterizes his trial counsel's performance as "inexcusable, deficient, and [having] prejudiced" Appellant by "open[ing] the door" in his cross-examination to testimony that was damaging to Appellant. Appellant's Brief at 24. He further contends that PCRA counsel was ineffective because he failed to investigate whether Appellant's collateral claims had merit, and, instead, merely filed a "*Finley* letter." *Id.* at 28-29. Because Appellant has not pleaded or proved the applicability of any of the PCRA's timeliness exceptions, we are without jurisdiction to review the merits of this claim.

Order affirmed. Renewal Motion to Stay denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/27/18